## reCase Create Overview

**Case Create Basics**

1. Case creator pulls a case from the queue in FIRST.
2. Case creator reads case, determines whether or not request is a valid FOIA request.
3. If valid, case creator completes left side of request
   a. Personal information, valid consent if needed for personal records, fee waiver, expedited processing, etc
   b. Track 1 or Track 2 Determination for SIG
      i. Track 1- Four types of requests go into Track 1: Vacancy Announcement requests, Data Request, Referrals, or Consults
      ii. Track 2 – Everything else; EB-5s, requests for investigations, requests on USCIS public officials, prominent A file requests, policy related requests, etc
4. Case creator adds request to PDF scans or SharePoint uploads, when applicable.
   a. Requests are added to PDF scans if they are not reported to DHS
   b. Requests subject to DHS reporting are added to SharePoint uploads.
      i. See section in this SOP regarding DHS reporting requirements
5. Case creator adds case note describing actions taken regarding request.
6. Case creator uploads any relevant CSDs to request
7. Case creator staffs, if able based on nature of request, or adds case to GS-13 spreadsheet if staffing will be complex.
8. Case creator submits acknowledgement letter with tailored language specific to request
   a. Ensure the topic line of the request is included
   b. Ensure language from the request is included as much as possible "You specifically requested: [copy/paste verbatim request, if possible]"
   c. Insert a new line with the phrase, "Your request was received in our office on XX date. We may need to contact you at a later date about the scope of your request."
9. Case creator adds a Responsive Records slot (or several if staffing to multiple offices)
10. Case creator hits "Pending" and sends case on to be processed.

**Overview of SIG**

1. **SIG Requests**
   a. A FOIA request may be considered significant if it:
      i. relates to a Presidential or agency priority (e.g. Executive Action, Deferred Action for Childhood Arrivals)
      ii. FOIA requester or requested documents will garner media attention or is receiving media attention
      iii. FOIA request is for records associated with meetings with prominent elected, business, and/or community leaders

    b. If it's a FOIA appeal, forward to Claire Gage and copy Mark Porter
    c. If it's a request asking about contracts
        i. Do basic case create set up
        ii. Move to CNT office/queue
        iii. Email Kathleen Vogel

**2. Examples of Significant FOIA Requests**
    a. FOIA request is for congressional correspondence
    b. FOIA request is from a member of Congress
    c. FOIA request is from a member of the media
    d. FOIA request is from a member of an advocacy group, watchdog organization, etc.
    e. FOIA request is for records associated with a controversial or sensitive subject
    f. FOIA request is for records associated with a senior official of the component

**A SIG request is received by:**

1. USCIS Mailbox
2. SIG Mailbox
3. Emails from FOIA Ops regarding possible SIG case
   1. Verify request is a SIG case
   2. If a SIG request move from NRC queue to COW case create queue
   3. Reassign the Case Creator to either yourself or ensure no one is selected to add it to the COW Case Create queue
   4. Reply to the case creator/processor, CC case creator/processor's supervisor with the new COW control number if there is one
   5. Review new requests for any needed information or documentation
      i. Consent/VOI if necessary
      ii. Physical mailing address or email address if agency record
      iii. Complete vacancy announcement number
      iv. Does not reasonably describe records (this may include no time frame or unclear request)
      v. Contact requester for any additional information or documentation if needed
      vi. Request is not valid **until we have all information**
         1. Contacting requester for information prior to scanning saves time in case create
            a. Print all emails and attachments for scanning as new request
            b. Upload correspondence related to case as a CSD.
      vii. Print and place request in the box to be scanned in or if teleworking forward request to Jordan Worley to be scanned in.

**Requirements for a Valid FOIA Request**

1. A valid FOIA request must:
    a. "Reasonably describe" the records sought **and**
    b. it must be "made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(a)(3)(A) (2012 & Supp. V 2017).
2. Requests that are so broad and sweeping that they lack specificity are not reasonably described and are *not* a valid FOIA request.
        i. *See, e.g., Yagman v. Pompeo*, 868 F.3d 1075, 1081 (9th Cir. 2017) (finding request not reasonably described where request does not identify specific persons, much less specific documents, types of documents, types of information, or "suggest much in the way of times, dates, locations").
3. The requester must describe the records in enough detail to enable agency personnel to locate them with a reasonable amount of effort.
        i. Although a FOIA request might be very broad or burdensome in magnitude this does not necessarily entitle an agency to deny that request on the basis that it does not "reasonably describe" the records sought.
        ii. The key to determining whether a request is or is not "reasonably described" is the ability of agency staff to reasonably ascertain exactly which records are being requested and to locate them.
4. As a corollary to the "reasonably described" inquiry, courts have held that agencies are not required to conduct wide-ranging, "unreasonably burdensome" searches for records.
    a. The D.C. Circuit has held, however, that even if the request "is not a model of clarity," an agency should carefully consider the nature of each request and give a reasonable interpretation to its terms and overall content. Courts have at times required agencies to clarify the scope of the request with the requester, particularly when doing so is required by the agency's regulations. *See, e.g., Miller v. Casey*, 730 F.2d 773, 777 (D.C. Cir. 1984) (emphasizing that agency is required to read FOIA request as drafted, "not as either [an] agency official or [requester] might wish it was drafted").
5. A FOIA request may be unreasonably burdensome if it contains the following language:
    a. "any and all records;" records "related to" a certain topic; no identification of staff members to search emails, etc.
6. If the request has yet to be acknowledged, is within the 20-day statutory time-frame and we have not already accepted a similar request from the requester:
    a. Contact Allen Jaynes and Terri White to determine whether or not the request is a candidate for a 30-day clarification letter.

3

b. Attach a copy of the request to the email and include a brief description of why the request may be overly burdensome.

**When the Request is Received**

1. When the request is received and found to be valid the case creator:
   a. Begins case create.
   b. Understands the scope of the request.
   c. Determines time frames and documents requested.
   d. Reasonably interprets unclear requests.
   e. Identifies potential program offices where responsive records may be located- seek input with requestor if warranted.
   f. Issue search instructions to program offices.
   g. Cut-off date for search: date search begins.

**FOIA Fees and Fee Waiver Eligibility**

The fee waiver standard of the Freedom of Information Act provides that fees should be waived or reduced "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii) (2012 & Supp. V 2017).

In order to qualify for fee waiver, "disclosure of the requested information must:
1. Fees may be waived/reduced if requests:
   a. shed light on 'the operations or activities of the government';
   b. be 'likely to contribute significantly to public understanding' of those operations or activities; and
   c. not be 'primarily in the commercial interest of the requester.'
      i. *See Cause of Action v. FTC*, 799 F.3d 1108, 1115 (D.C. Cir. 2015)
2. No fee waiver where:
   1. Records requested are already in public domain;
   2. Requestor cannot disseminate information;
   3. Records requested will not contribute to public understanding; and
   4. Disclosure will not contribute significantly to public understanding of government operations or activities.
3. **We will almost always approve fee waivers.**

4